NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AMATEA/GRIMBERG JV,**
*Appellant*

**v.**

**SECRETARY OF THE NAVY,**
*Appellee*

---

2024-1006

---

Appeal from the Armed Services Board of Contract Appeals in Nos. 60426, 60427, 60428, 60689, 60690, 60691, 61252, 61402, 61715, Administrative Judge J. Reid Prouty, Administrative Judge Elizabeth Witwer, Administrative Judge Richard Shackleford.

---

Decided: June 25, 2025

---

ARNIE MASON, Williams Mullen, PC, Tysons, VA, argued for appellant. Also represented by ZAHRA RIZVI SYED.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for appellee. Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

———————————

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Amatea/Grimberg Joint Venture appeals the decision of the Armed Services Board of Contract Appeals that denied AGJV's constructive acceleration claim and work hours claim. Because we conclude that the Board applied the correct legal standards and substantial evidence supports the Board's conclusions, we affirm.

I

In July 2009, the Navy issued a request for proposals seeking a contractor to design and build the Energetics System and Technology Laboratory Complex for the Naval Surface Warfare Center in Indian Head, Maryland. J.A. 1–2. In September, the Navy awarded the contract to AGJV with a contract completion date of March 31, 2011. J.A. 3. In May 2010, the parties agreed to bilateral contract modifications that provided for enhancements to increase the building's energy efficiency. J.A. 3. Because of this modification and other delays, the contract completion date was changed from March 31, 2011, to March 29, 2012. J.A. 3–4, 39. But AGJV did not complete the project within this extended time frame. The Navy eventually found that the project was ready for beneficial occupancy six months later, on September 29, 2012. J.A. 62.

The contract contained the standard liquidated damages clause found in the Federal Acquisition Regulation (FAR) at section 52.211-12 entitled "Liquidated Damages – Construction (SEP 2000)," which, modified to include a specific dollar amount, provides in part that: "[i]f the Contractor fails to complete the work within the time specified by the contract, the Contractor shall pay liquidated damages to the government in the amount of $5,250 for each calendar day of delay until the work is completed or accepted."

J.A. 3. The Navy originally assessed liquidated damages from March 29, 2012, until September 29, 2012, but later released a portion of the damages. J.A. 36–38.

AGJV submitted a claim for constructive acceleration costs because AGJV had to direct its subcontractors to work overtime and add resources after its time extension request was denied. AGJV contended that the government demanded it complete additional work on an electronic security system (ESS) and fire sprinklers without extending the performance period or granting it night or weekend work, so AGJV had to "accelerate its work to minimize the government's imposition of liquidated damages." J.A. 63. The contracting officer (CO) denied this claim, and AGJV appealed to the Board.

AGJV also submitted a claim to the CO seeking a decision that the Navy's denial of AGJV's request to work outside of regular work hours was a breach of contract. J.A. 23. The contract stated that regular working hours on the project would be from 7:00 am to 3:30 pm, Monday through Friday, and that work outside of regular hours required CO approval. J.A. 17. In pertinent part, the contract stated, "[b]ased on the justification provided, the Contracting Officer *may* approve work outside regular hours . . . ." J.A. 17 (emphasis added). Because AGJV was running behind schedule, it requested approval to work outside of regular hours. J.A. 16. The Navy denied AGJV's request to work every Saturday until the end of the job, but it did extend the work hours on Monday through Friday to 6:30 am to 6:30 pm and granted AGJV's request to work on three Saturdays to resolve utilities issues. J.A. 20–21. The Navy did not decide this breach of contract claim within 60 days, so it was deemed denied, and AGJV appealed to the Board. The Board denied this claim.

AGJV timely filed its notice of appeal. We have jurisdiction under 41 U.S.C. § 7107(a)(1) and 28 U.S.C § 1295(a)(10).

4          AMATEA/GRIMBERG JV v. SECRETARY OF THE NAVY

## II

We review the Board's determinations on questions of law, including questions of contract interpretation, de novo. *Reliable Contracting Grp., LLC v. Dep't of Veterans Affs.*, 779 F.3d 1329, 1331 (Fed. Cir. 2015). The Board's factual determinations may not be set aside unless they are "(A) fraudulent, arbitrary or capricious; (B) so grossly erroneous as to necessarily imply bad faith; or (C) not supported by substantial evidence." 41 U.S.C. § 7107(b)(2); *see also Rockies Express Pipeline LLC v. Salazar*, 730 F.3d 1330, 1335 (Fed. Cir. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Braun v. Dep't of Health & Hum. Servs.*, 983 F.3d 1295, 1301 (Fed. Cir. 2020) (internal quotation marks and citations omitted).

## III

AGJV appeals two issues: (1) the denial of its constructive acceleration appeal and (2) the denial of its work hours appeal. We discuss each issue in turn.

## A

"Constructive acceleration often occurs when the government demands compliance with an original contract deadline, despite excusable delay by the contractor." *Zafer Taahhut Insaat ve Ticaret A.S. v. United States*, 833 F.3d 1356, 1562 (Fed. Cir. 2016). The five elements of constructive acceleration are: (1) the contractor encountered an excusable delay; (2) the contractor made a timely request for an extension of time to complete the contract; (3) the government denied the request or did not act on it in a reasonable period of time; (4) the government insisted on completion of the contract in a lesser period of time than the excusable delay would have permitted; and (5) the contractor incurred added expense to compensate for the lost time and remain on schedule. *Id.* at 1362 (citing *Fraser Constr. Co. v. United States*, 384 F.3d 1534, 1360–61 (Fed. Cir. 2004)). An excusable delay results from

"unforeseeable causes beyond the control and without the fault or negligence of the Contractor." FAR 52.249-10(b)(1). The unforeseeable cause must also affect the "critical path of performance," delaying contract completion. *Sauer Inc. v. Danzig*, 224 F.3d 1340, 1345 (Fed. Cir. 2000).

The Board denied AGJV's constructive acceleration claim because "there was no excusable delay for most of the work on the project (e.g., the roof, the HVAC system, and the windows), and that was the work that dragged completion of the project out to September 18, 2012." J.A. 64. The Board underscored that AGJV did not provide an expert's critical path analysis, stating "there has been zero evidence presented by AGJV that work on the ESS or the fire sprinklers caused a delay in the critical path to project completion and certainly nothing on the order of the amount of time that the Navy ultimately granted." J.A. 64. The Board noted that, even accounting for the extension associated with the ESS, AGJV was still almost four weeks late in completing the project. J.A. 64. Thus, the Board found that AGJV failed to prove the first element of a constructive acceleration claim: excusable delay.

AGJV first argues that, because the CO granted AGJV a time extension and released liquidated damages, the CO must have found excusable delay. Appellant's Opening Br. 28. We disagree. We have clearly rejected a presumption that the government is at fault for delay when the contracting officer grants a time extension. *See Eng. v. Sherman R. Smoot Corp.*, 388 F.3d 844, 856 (Fed. Cir. 2004) (concluding that a rebuttable presumption that the government is at fault for delay when the government extended the period of contract performance is at odds with the Contract Disputes Act). We have also held that "when suit is brought following a contracting officer's decision, the findings of fact in that decision are not binding upon the parties and are not entitled to any deference." *Id.* at 854 (quoting *Wilner v. U.S.*, 24 F.3d 1397, 1401 (Fed. Cir.

1994)). We conclude that the Board applied the correct legal standard.

AGJV next argues that, even if the Board did apply the correct legal standard, the Navy's expert's analysis was "riddled with flaws." Appellant's Opening Br. 31. But AGJV did not provide its own expert to contest the Navy's expert's critical path analysis. J.A. 61–62. Moreover, AGJV primarily contests the testimony about the ESS and sprinkler work, which the Board determined "were not the problems that held up contract completion." J.A. 64. We thus conclude that the Board appropriately credited the Navy's expert's testimony and substantial evidence supports the Board's finding that AGJV failed to prove excusable delay and therefore failed to establish a constructive acceleration claim.

B

AGJV argues that the government breached the implied duty of good faith and fair dealing by providing "blanket denial[s]" of AGJV's requests to work outside of regular hours. Appellant's Opening Br. 37; *see Metcalf Constr. Co. v. United States*, 742 F.3d 984, 990 (Fed. Cir. 2014) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.") (quoting RESTATEMENT (SECOND) OF CONTS. § 205 (AM. L. INST. 1981)). AGJV contends that the government should have granted at least some of the requests or granted extended time, and that the CO's failure to do so effectively "caused a wholesale modification of the Contract" that deprived AGJV of the right "to have requests to work outside regular hours considered based upon the justification provided." Appellant's Opening Br. 46.

The contract used discretionary language to characterize the CO's approvals, specifying that the CO "may approve" the request "[b]ased on the justification provided." J.A. 52. The Board concluded that the CO reasonably exercised her discretion in denying AGJV's requests for

additional work hours. J.A. 55. The Board determined that AGJV's blanket request to work "every Saturday from January through July of 2012 would have imposed significant costs upon the government," and that the CO reasonably denied the request because she observed the job site and concluded that the grant of blanket requests would not be well-used. J.A. 55–56; *see also* J.A. 22 (discussing the CO's visit to the contract site, where she saw "no work going on at all when she arrived"). We conclude that substantial evidence supports the factual findings underlying the Board's denial of AGJV's work hours claim.

Further, the CO's denial of AGJV's requests for extended hours was not arbitrary. AGJV's blanket requests lacked any sort of specific justification beyond stating that AGJV was behind on project timelines. *See, e.g.*, J.A. 938 (discussing AGJV's "standing request to work Saturdays" and mentioning that the Navy's denial of these requests "effectively denies [AGJV] the ability to recover project delay by working these additional hours."). The justification that AGJV needed to work outside of regular hours because it was behind on project completion is simply insufficient, as agreeing with AGJV would essentially mean that a CO could never exercise discretion with respect to work hours requests as long as the contractor says, "we're behind." And the fact that the CO did grant extended hours during business days and allowed AGJV to work on three Saturdays further underscores that the CO's denials were not arbitrary.

## IV

We have considered the remainder of AGJV's arguments and find no reversible error. Because the Board applied the correct legal analysis, and its findings were supported by substantial evidence, we affirm.

**AFFIRMED**